IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHILLIP M. BAUGUS,**
*Administrator*,

      **Plaintiff,**

                                                  Case No. 2:20-cv-4900

      vs.                                    Judge Edmund A. Sargus, Jr.

                                                  Chief Magistrate Judge Elizabeth P. Deavers

**DEPUTY BRANDON NEWSOME,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Phillip M. Baugus, has filed a complaint and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 and 2.)[1]  For the following reasons, it is **RECOMMENDED** that the Court deny the motion for leave to proceed *in forma pauperis*.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*.  The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339.  The Court explained that "[t]he public would not be profited if

---

[1] On a motion for leave to proceed *in forma pauperis*, a complaint is properly filed upon a showing of poverty by the applicant. *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990).  Here, Plaintiff did not wait for the Court to make a determination as to the sufficiency of a poverty showing, having filed his complaint as a stand-alone document simultaneous to the filing of his *ifp* motion.

relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.*  Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.*  Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

In this case, Mr. Baugus alleges that he is the duly appointed Administrator of the Estate of Michael P. Coburn, Deceased.  Accordingly, Mr. Baugus completed the *in forma pauperis* application, not by providing his own financial information, but by indicating, in response to all but three questions, that the question was "NOT APPLICABLE BECAUSE PLAINTIFF IS A WRONGFUL DEATH ESTATE." *See* ECF No. 2, at pp. 2-3.[2]  Mr. Baugus' manner of completion appears to acknowledge that the real party in interest is the estate.

The Court agrees that, based on Mr. Baugus' representations of his administrator status, the estate appears to be the real party in interest here. *Cf. Smith v. Jones*, No. 1:13-cv-744, 2014 WL 12591694, at *5 (N.D. Ohio Sept. 24, 2014) (allowing amendment where plaintiff was "simply seeking to substitute the real party in interest" and explaining that, although "Plaintiff did not have standing to initiate a lawsuit, the real party in interest is the decedent's estate" such that an amendment to name the correct administrator was only a change in name but not substance); *see also Estate of Mikinah Smith v. Hamilton Cnty. Dept. of Job & Family Servs*, No. 1:06-cv-362, 2007 WL 2572184, at *5 (S. D. Ohio Aug. 31, 2007) (explaining that, pursuant to

---

[2] Mr. Baugus answered "No" without qualification to questions IV, V and VI.

FRCP 17(a), it is not the administrator of the estate that is important to the case, the real party in interest is the estate)).

An estate, however, is not a natural person. *Cf. Wright v. Finance Serv. of Norwalk, Inc.*, 22 F.3d 647, 652 (6th Cir. 1994) (Kennedy, J. concurring in part and dissenting in part.) Consequently, it cannot qualify to proceed *in forma pauperis*. The United States Supreme Court has clarified that the word "person" as used in 28 U.S.C. § 1915 authorizing a civil litigant to proceed *in forma pauperis*, refers only to a natural person. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993); *see also SCLG-LLC v. Kuntz*, No. 3:15-CV-156, 2015 WL 4550344, at *1 (S.D. Ohio Apr. 30, 2015), *report and recommendation adopted*, No. 3:15-CV-156, 2015 WL 4550059 (S.D. Ohio May 21, 2015) (citing *Rowland* and recognizing, in denying application of business entity, that only natural persons can proceed *in forma pauperis*).

Courts addressing the precise issue presented by the present application have held specifically that, because an estate is not a natural person, it may not proceed *in forma pauperis*. *See, e.g., In re Estate of Van Putten*, 553 F. App'x 328 (4th Cir. 2014) (unpublished) (in mandamus action, citing *Rowland* and denying *ifp* status to executors who had applied and represented that the estate was without funds to pay the filing fee); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (citing *Rowland* in upholding district court's denial of *in forma pauperis* status to the estate); *Robinson v. Golden Living Ctr.,* No. 4:19-CV-47-H, 2019 WL 2491320, at *1 (E.D.N.C. May 2, 2019) (recognizing that a decedent's estate is not a "natural person" qualifying for treatment *in forma pauperis*); *Estate of Leon Twardy v. Lakes of Larchmont Condo Ass'n*, No. CV 15-6501 (NLH/AMD), 2016 WL 2901664, at *1 (D.N.J. May 18, 2016) (an estate cannot be considered a natural person under 28 U.S.C. § 1915).

For these reasons, it is **RECOMMENDED** that the motion for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED** and that Plaintiff be ordered to pay the required $400 filing fee within **FOURTEEN (14) DAYS** if he intends to proceed with this action in his alleged capacity as Administrator on behalf of the estate.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| **DATED: September 24, 2020** | **/s/ *Elizabeth A. Preston Deavers*** <br> **ELIZABETH A. PRESTON DEAVERS** <br> **CHIEF UNITED STATES MAGISTRATE JUDGE** |